I'm Yaira Jubin and I'm here today on behalf of Appellant Mr. McAdoo. I'd like to reserve three minutes for rebuttal. It is undisputed here that defendants acted with deliberate indifference to Mr. McAdoo's medical needs in violation of the Eighth Amendment. Defendants refused to provide Mr. McAdoo with physician-prescribed medication for his severe pain resulting from multiple fractures to his shoulder. As the district court held, such behavior was plainly unconstitutional. But defendants asked this court to nonetheless hold that the PLRA bars Mr. McAdoo from recovering damages for that constitutional violation. The only way to reach that result is to hold that someone with a shattered shoulder who suffered immediate and severe pain as a result of that injury and continues to suffer pain from that injury to this day, has suffered only a mental or emotional injury. That holding defies common sense as well as a plain reading of the relevant statutory text. The PLRA makes clear in a variety of ways that Congress had no intent to limit a suit like Mr. McAdoo's. First- Did you say it was undisputed about the policy? Yes, it is undisputed that defendants here- There's no cross-appeal. It was disputed below, right? Right. And on appeal- It doesn't have to be a cross-appeal. On appeal, defendants do not make any argument that their actions here were constitutional. Oh, but we're not precluded from revisiting it. Defendants haven't made any argument with that, so it's waived here. Yeah, well, I want to know why, because hydrocodone is an opioid, right? Hydrocodone is an opioid. So we are in the midst of an opioid crisis. We're saying it is per se unconstitutional to not to second-guess an emergency room chap who scribbled out four days of hydrocodone as a prescription. I find that quite shocking. Your Honor is obviously correct. We're in the middle of an opioid crisis. That being said, what this case is about is a prison's right to- or what the Eighth Amendment issue was about was a prison's right to override a doctor's prescription without any counsel of medical judgment, without any second medical opinion. It was a four-day prescription? It was 10 hydrocodone- Is that- I think it was- I thought- Oh, yeah, it was 10. All right. So the only damages caused by overriding the prescription were the first four days. So after- on May 29th, he went to see the follow-up physician, Dr. Olorio, and Dr. Olorio said, I can't prescribe you hydrocodone even though you're in severe pain because of the policy. Well, now we're into my opioid question. We are in your opioid question, but he didn't say it because of the opioid crisis. He said it because of the prison policy. Dr. Olorio- As far as I'm concerned, that's fair game for us to worry about. So four days, if you want to say it's- you can't override- ever override even an unreasonable physician's prescription with a policy- No one has- there's no support in this record for the physician's prescription being unreasonable. In fact, quite the opposite. Mr. McAdoo's shoulder was shattered. He had a severe physical injury to his shoulder, which resulted in long-term physical disability. Was he supplied an alternative pain reliever? He was given Advil or Tylenol by the prison guards and the prison system, which are freely given out without a prescription. So the injury then would be the pain distinction between what a regular over-the-counter medication could supply and what the prescription medication supplied? That's exactly correct, Your Honor. It's about the Delta. And here, that Delta was significant.  It would increase pain as a result of their failure to provide him with the Hydrocodone and instead to only give him Advil or Tylenol. But would that degree of, as you refer to it, the Delta, have to itself be at an unconstitutional level? In order to determine that there was an Eighth Amendment violation, you need to determine there's a serious medical need that defendants ignored. So the serious medical need here was his need for pain medication for his shoulder. Applied pain medication. Yes. But it wasn't at the level that he was prescribed. So the injury then is that difference. And how is it measurable that that difference reaches a constitutional level? When a physician prescribes pain medication for a fractured shoulder and then prison officials deliberately ignore that prescription and then they provide no evidence on this record that the Advil or Tylenol was sufficient to ease his pain and all testimonies to the contrary. No, no. The question is the physical injury question. We're not talking about pain as it's briefed. We're talking about Delta pain. We are talking about the Delta pain. And where's the evidence that that falls within your argument that, well, pain can be physical? Any pain. Physical pain resulting from a fractured shoulder is physical pain. No, no. But the only pain is the difference in perceived pain because he didn't get a narcotic. He only got over-the-counter ibuprofen. And there is an abundance of testimony in this record that says that he was still in a significant amount of pain throughout this time period because of the failure. They might have been even if he was doped up unless he was in a coma. Defendants have provided no evidence on this record that Advil or Tylenol helped with his pain at all. It's not their burden. But he's testified on multiple occasions that he was in severe pain, not with sinus, and that's why the doctor prescribed him the hydrocodone as opposed to Advil or Tylenol, because he needed something stronger than Advil or Tylenol. Okay. Where in the record is the emergency room doctor's testimony or affidavit? The emergency room's prescription is in the record. Pardon? The emergency room doctor's prescription is in the record. Okay. But where is the support for that? I assume that just scribbled out, give him a narcotic. He diagnosed his shoulder injury and then gave him a narcotic to ease the pain from that shoulder injury. Okay. But where is the testimony about the severity of the pain and why it required an opioid instead of over-the-counter pain meds? Mr. McAdoo testified on various occasions that he was in pain and all the officers, Officer Cash, Officer Ellis. I want the emergency room physician to testify why in this day and age when everyone is being told to back off narcotics, why even if his practices haven't changed, and I suspect they have, why did this fellow nonetheless need a disfavored narcotic? That evidence isn't in the record below, but his injury and the prescription that the doctor gave him are in the record below, and the district court made a factual finding that he was in increased pain as a result of the failure to provide him with the Tylenol and Advil. Who testified to that? Mr. McAdoo and Officer Cash and Ellis. We don't have to accept his word for it. If we're talking about physical injury, that's an objectifiable. I think you're combining his testimony with the fact that he was prescribed the hydrocodone and then not given it because of no medical judgment, but rather a blanket policy. Yeah, what is now the national policy? Hydrocodone is still prescribed as a pain medication for severe physical injuries, like Mr. McAdoo's here, a severely shattered shoulder. Appropriate pain medication in that instance. And I just wanted to also clarify to Your Honor's question, to the extent where you're going to is whether this physical injury was more than de minimis. That's only a requirement if you disagree that he's only seeking injury, that he's only seeking compensation for a physical injury. If you agree that physical pain is a form of physical injury, there is no de minimis requirement under the PLRA. 1997 EE applies only when a plaintiff is seeking recovery for mental or emotional injuries, which is not what he's seeking recovery for here. This isn't a case about stress, fear, or depression. It's a case about physical pain from a fractured shoulder. Even assuming that Your Honor's disagree that physical pain is a physical injury and substantiates his claim here, Mr. McAdoo didn't just suffer physical pain. Mr. McAdoo suffered a fractured shoulder. And that fractured shoulder, the district court wholly ignored in analyzing whether the PLRA bars Mr. McAdoo's suit. No one disputes that a fractured shoulder is a physical injury. The only question... Why does the hindsight diagnosis matter? I'm sorry, Your Honor. They didn't know it was a fractured shoulder for a long time. They knew it was a fractured shoulder two days later. And even at the time, they knew it was a dislocated shoulder, which causes intense pain on the symptomology suit. I don't think that's what Dr. Lorio thought. He said he needed surgery immediately to repair the shoulder because it had multiple fractures in it. That was on May 29th. And that... If he sprains his ankle on the inmate basketball court, we all know how that hurts. Yes. Is that a physical injury under the PLRA? When two days later somebody says, well, you know, that's a bad sprain or maybe even a fractured ankle. Your Honor, not only is it a physical injury, but the prisoner who's seeking recovery for that injury isn't alleging mental or emotional injury. So the PLRA 1997 EE doesn't even apply. There could be questions of how much compensation he deserves for that injury. Maybe it's only a sprain and he doesn't deserve a significant amount of compensation. But he's not barred from asking for compensation, which is what the district court prevented here. So no court has addressed pain before? Various courts have addressed pain. And all the courts that we have cited, all the 9th Circuit, the 11th Circuit, have held that physical pain is a physical injury under the PLRA. So the district court cases cited did not cite any pain cases? The district court cited two district court cases that found that vague allegations of undue pain or pain and suffering don't rise to physical injury under the PLRA. It's a very different case from what we have here with a severely fractured shoulder and a prescription for pain medication to treat that injury from being slammed to the ground. So how do we draw the line? To the extent you want to draw a line, this case isn't close to the line.  And one is Luong in Texas, which is the case that defendants submit, which is whether an injury is treatable through an at-home remedy or it's an observable or diagnosable medical condition. And here it was observable and diagnosable. All the officers involved testified that they observed him to be in serious pain and that it was diagnosed by the emergency room physician as needing hydrocodone. As compared to one of the cases cited by the district court where the inmate vomited after seeing raw sewage on the ground. That's not a treatable or diagnosable medical condition in the same way. If your honors have no further questions, I'd like to reserve the rest of my time for rebuttal. All right. Thank you, Ms. Dubin. Tom. Good morning again. Judge Loken, in response to your question, Mr. McAdoo was prescribed ten pills to be taken every four hours, which means we're talking about one day and a half medication. In lieu of receiving ten hydrocodone, he received either two or four ibuprofen or Tylenol, depending on what he requested. If he requested more, they gave him more hydrocodone. I'm not hydrocodone, but ibuprofen or the Tylenol. The issue that's been presented before this court, and you asked a very good question, why didn't we appeal the issue about maintaining a narcotic? Didn't have to appeal it, but it should have argued it. We certainly should have argued it. And the bottom line on that is Judge Hickey, if you read her opinion, and I know you will, she has done a very good job of bringing in all the cases pretty much that she could find dealing with that issue. But couldn't have been more conclusory on the ultimate question. Right. As far as... There's per se liability if a policy is invoked to trump a prescription. Correct. And we agree. And apparently the policy was pretty much narcotic-free environment, and despite of what a medical doctor might say. And you asked the question, what if a medical doctor goes crazy and has all kinds of prescriptions? No, I'm just saying that it seems to me that the principle might be sound, but it is not per se. Right. And for a policy in this day and age that says inmates should not get narcotics, despite the prevalence of over-subscribing opioids throughout the medical community, that to me is not per se unconstitutional. Should it require some inquiry, probably in a particular situation? Well, maybe. They probably should. It was probably negligent not to call the emergency room and say, why a narcotic instead of what usually is sufficient. Judge Hickey... But negligence, of course, not liability. I go back to negligence frequently in these cases. But Judge Hickey did review what appeared to be the law in various circuits, which basically seemed to conclude that you could not have a per se rule prohibiting narcotics in the jail. And High Spring County did have that. And so she did reach the conclusion that you can't just have that. She did conclude you could have the per se responsibility for totally eliminating that as a medical care option. In this case, though, this all starts as a result of a fight with Mr. McAdoo and another inmate. He's taken down. He does have his shoulder. There is a fracture there. He returns. They take him to the emergency room. He comes back. And the doctor, again, gives him 10 hydrocodone. And they don't give him the hydrocodone, but they do give him alternative pain medication. There's nothing to indicate that he would have received any additional hydrocodone or any additional medical treatment. He goes back to the doctor. Now, he tells Judge Hickey that the doctor told him he couldn't prescribe it anyway, so he wasn't going to. That could have very easily have been the doctor using that as an excuse not to give it because he didn't think he needed it. It could be the doctor getting wind that there's getting ready to be some stuff happening in regards to hydrocodone litigation or whatever. But the bottom line is the doctor did not prescribe him additional medication. He refused that. Now, is this simply a persuasive argument for nominal damages down the road, or is this the extent of the prescription somehow related to the core issue on appeal? You cannot recover for a de minimis injury. Our position is that pain is not a physical injury. I know that, but we're talking, Judge Smith, the delta pain question. Right. Does that go to the PLRA eligibility, for lack of a better word, versus extent of damages if it's eligible? As far as the delta pain situation is concerned, I think you've got to look at what's causing the pain. Where do you start with? What causes or manifests that? This was a severe injury. But it was an injury that was justified. This is not a situation where the excessive force would have anything. I don't see how that would have anything to do with how much pain he's in. He's not entitled to less pain medication because of the reason he was injured. I agree with that. I would agree that as far as that is concerned, but when you get into the damage question, the damage question centers around, which is, I mean, clearly the Prisoner Litigation Reform Act says that you have to have a physical injury, and it's designed to avoid the mental. When the pain is, as it is in this case, a direct manifestation of an undisputed severe physical injury, how can you separate that from, or why isn't that distinguishable from the case of someone simply saying they are hurt, whereas you have direct, it's the direct outgrowth of an undisputed severe physical injury? I don't think that you can separate those two. Clearly the pain is a symptom of that injury that you're talking about. But the pain itself is not the physical injury. If you remove the pain, you still have the injury. If you remove the injury, you would no longer have the pain. They are separate components. The Prison Litigation Reform Act is designed to not, to compel a physical injury as a result of the, how do I want to say this? You have to have the physical injury to even get to first base as a result of that litigation or that act. In this case, Judge Hickey went through extensive analysis of the issue about narcotics, no narcotics, and concluded that he should have gotten the hydrocodone. And we didn't appeal that. We just said, okay, maybe she's right. But when you get into the damage element, she gave him the dollar based upon nominal damages because she concluded that the pain was not a physical injury. And I think you made a good point about spraining your ankle. You go play basketball, you sprain your ankle, you have pain. The pain is not the injury. It's the spraining the ankle. It's the tendon tear or whatever that is the physical injury. And the Prison Litigation Reform Act requires a physical injury to recover. Physical injury at what point? To be able to initiate litigation, you have to have a physical injury to get over that initial hurdle. It's kind of like this. If you conclude... Well, let's see. Okay. He had a physical injury. Yes. How can you separate it from the pain? Well, the pain is not the physical injury. The physical injury was the event that occurred. The pain is a symptom of the physical injury, just like probably shallowness of breath, just like headaches, all those things. But it's not the physical. Judge Hickey went through another analysis concerning pain being a physical injury and concluded that pain itself is not that. Well, is the language we're talking about here from the PLRA this language? No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act. Is that the language we're talking about? Yes, it is. Yes. Well, why don't we have the physical injury here? You do have a physical injury that occurred in the jail. So we have the prior showing of a physical injury for the pain. Yes. But, again, we're talking 10-hydrocodone as opposed to ibuprofen. And Judge Hickey, if you're looking at her opinion, she goes on when she talks about damages, and she talks about the fact that she has concluded that the pain does not meet the correct definition of a physical injury. In fact, she concludes that we have a de minimis injury here because of the difference between hydrocodone and ibuprofen. And isn't there a difference between physical pain and mental or emotional injury? I think there is, yes. Yes. And she cites those cases that say, basically, he's being exposed to sewer and having a headache, and that type of stuff is not sufficient. She does. So all I'm asking you to do is just to affirm her decision. And when you, again, review her decision, find that her conclusions, especially as to damages, are appropriate. Again, we're talking 10-hydrocodone, which is a day and a half for it, as opposed to long-term medical. I would also note that when he was actually transferred to the Department of Corrections, they waited four months to have any type of surgical intervention on his shoulder. So to the extent that he had a problem there, obviously it was not an emergency situation as far as they were concerned because of the delay there. And I would ask you just after you've reviewed all this to affirm her decision. Thank you very much. Thank you, Mr. O'Connell. I'd just like to make a few quick points. First of all, the issue of deliberate indifference that I was discussing with Judge Loken, that issue goes to liability and no appeal has been taken from liability, and they haven't made any arguments. I can't hear you. No appeal has been taken from liability. They haven't made any arguments about liability. They don't have to cross appeal. They may have forfeited the argument, but they don't have to cross appeal. When this appeal is only about the entitlement to damages, and they've made no arguments nor cross appealed from liability, and there was a nominal damages holding, this court is precluded from going to that issue now. We've had multiple decisions in the last 12 months clarifying that you don't need to cross appeal. Now, you do forfeit arguments you don't make. Well, they've certainly forfeited this argument. Preclusive. As Your Honor points out, they've certainly forfeited this argument. The second point that I wanted to clarify was that defendants have said numerous times in their briefs and today at argument that the physical injury hearing needs to be more than de minimis for Mr. McAdoo to recover. Under the statute, if defendant isn't seeking mental or emotional injuries, there is no de minimis requirement. As Judge Smith was reading, as the Chief Judge was reading from the statute, it only applies if you're seeking recovery for mental or emotional injuries. If you're not, 1997 EE just has no relevance here. As Judge Wallman mentioned, he had a physical injury here. It was a shattered shoulder, and that shattered shoulder directly caused the physical pain. There's no way to separate those two on this record, and that's exactly the type of injury that the PLRA did not want to preclude recovery for. What Congress was concerned with in drafting the PLRA and specifically in drafting a suit like this could substantiate his claim, could vouch for having had a serious injury. This is a case where there was a serious injury. His shoulder was shattered, and he suffered severe pain that an emergency room physician prescribed him pain medication for. That's precisely the case. What's your closest, what's your factually closest case to this case? Within the Eighth Circuit or outside of it? Anywhere. Okay. Eighth Circuit, presumably. Sure. Munn and Pratt, as both the cases that we cited in our brief, where headaches, cramps, dizziness. And they were what? They're both cases that we cited in our brief, Munn and Pratt, both in the Eighth Circuit, in which headaches, cramps, dizziness, and loss of weight were considered physical injuries for the purpose of the PLRA. And then outside the PLRA, both the Ninth and the Eleventh Circuit have held that physical pain constitutes a physical injury, very similar facts to yours. All cited in our opening and reply. Thank you, Your Honors. Thank you, Ms. Dubin.